**Sheryl EZELL, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 5:87–0443.

United States District Court,
S.D. West Virginia,
Beckley Division.

June 30, 1987.

James M. Cagle, Charleston, W. Va., for plaintiff.

Sarah G. Sullivan, Asst. U.S. Atty., Charleston, W. Va., for defendant.

## ORDER

HALLANAN, District Judge.

This matter is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R. Civ.P. 12(b)(1). Both parties have submitted memorandum in support of their respective positions and after careful consideration of all applicable pleadings, evidence and legal authority, the Court is now prepared to rule thereon.

### I. *Procedural Background*

On May 6, 1987, this action was filed by Plaintiff under the jurisdiction as set forth in 28 U.S.C. §§ 1331 and 2201. Plaintiff seeks through this action to enjoin the Defendant from disqualifying Plaintiff from appearing as a non-attorney representative representing claimants in administrative proceedings before the Social Security Administration.

Plaintiff in her complaint alleges that Sections 206(a) and 1631(d)(2) of the Social Security Act, 42 U.S.C. § 406(a) and 42 U.S.C. § 1383(d)(2), and the regulations promulgated under said sections are unconstitutional, that the regulations are inconsistent with the statute they implement, and that Defendant has violated the Freedom of Information Act, 5 U.S.C. § 552.

With regard to the Social Security Act, Plaintiff alleges that the Social Security Act violates the equal protection and due process clauses of the United States Constitution in that the Act impermissibly distinguishes between attorney and non-attorney representatives of claimants by establishing a good character and reputation standard for non-attorney representatives, without requiring same for attorneys. *See,*

Complaint, Para. 18. Plaintiff further claims that Defendant's regulations implementing this this section violate constitutional equal protection and due process because they are vague, ambiguous and broader in scope than the statutes they implement. Plaintiff also alleges that the Defendant acted arbitrarily and capriciously by disqualifying her as a non-attorney for acts that did not involve her actions as a representative.

Plaintiff asks this Court to declare that Sections 206(a) and 1631(d)(2) of the Act are unconstitutional, or in the alternative, are unconstitutional as applied to her. She also seeks injunctive relief to prohibit the Defendant from suspending or disqualifying Plaintiff from appearing as a non-attorney representative of claimants.

### II. *Factual Background*

Plaintiff was advised in August of 1984 that the Defendant was initiating proceedings to suspend or disqualify her from appearing as a representative of claimants in proceedings before the Social Security Administration. Plaintiff was further advised that this action was being taken due to Plaintiff's having been discharged from her job as a federal employee for filing a false claim for reimbursement of travel expenses. (Plaintiff was subsequently found guilty of two counts of filing false claims for job-related expenses by the United States District Court for the Eastern District of Virginia.)

In the notice of August 1984, Plaintiff was informed by the Social Security Administration that she had thirty (30) days to submit an answer stating why she should not be suspended or disqualified. Plaintiff filed an answer raising essentially the same constitutional and statutory issues now before the Court and stated that she is generally known to have good character and reputation and otherwise meets the requirements for a non-attorney representative.

Prior to the hearing scheduled on this matter, Plaintiff filed an action in this Court seeking to enjoin the Social Security Administration from conducting the hearing. In Civil Action No. 5:85–0153, this

Court denied Plaintiff's motion for a temporary restraining Order. After the administrative hearing which was followed by several miscommunications regarding the transcript of said hearing, Administrative Law Judge Wisniewski on November 4, 1986 issued a decision which suspended Plaintiff for a period of five (5) years from serving as a non-attorney representative. Plaintiff appealed this decision to the Appeals Council which by decision dated April 3, 1987, affirmed the Administrative Judge's decision with the following modification: The five year suspension was changed to disqualification with Plaintiff having the right to apply to the Appeals Council for reinstatement as a non-attorney representative on or after April 3, 1988 in accordance with 20 C.F.R. § 404.1799. This decision of the Appeals Council is the final administrative decision in this matter.

### III. *Legal Analysis and Opinion*

Defendant moves for dismissal of this action on the grounds that this Court lacks jurisdiction over the subject of the within Complaint. Defendant argues that Section 206(a) of the Act does not provide for judicial review of the final administrative decision made after a hearing to suspend a representative. Further, the regulations promulgated under said section do not provide for judicial review.

The Court has carefully examined Section 205(h) of the Act, 42 U.S.C. § 405(h) as well as *United States v. Erika,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982) and its progeny. Applying the rationale of *Erika, supra,* to the facts presented in this case, it is clear that this Court lacks subject matter jurisdiction over this claim. Further Section 205(h) of the Act specifically states:

> The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under

Section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

Plaintiff argues that *Erika* and Section 205(h) of the Act does not prohibit this action because this action also arises under the Constitution. The United States Supreme Court in *Weinburger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), rejected Plaintiff's argument. The Court held that the effect of Section 205(h) was to require the Plaintiff's constitutional challenge to be brought under the provisions of the Act. Because this Court finds that Plaintiff's constitutional claims are "inextricably intertwined" with her challenge to the Secretary's decision to suspend her, and that she raised these constitutional issues during the administrative hearings, this Court must find that the Act as well as the applicable case law clearly mandate that this Court does not have jurisdiction over the subject matter of this action. *Weinburger v. Salfi, supra; Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

Accordingly, for all these reasons, it hereby is ORDERED that Defendant's motion to dismiss be, and the same is, GRANTED. It is further ORDERED that this action be, and it is, DISMISSED and removed from the docket of this Court.

The Clerk is directed to send a certified copy of this Order to counsel of record and to remove this action from the docket of this Court.