**Sheryl EZELL, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, in his capacity as Secretary of Health and Human Services, Defendant–Appellee.**

**No. 87–3128.**

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1988.

Decided May 9, 1988.

---

James M. Cagle, Charleston, W.Va., for plaintiff-appellant.

James S. Feight, Jr., Asst. Regional Counsel, Office of the General Counsel, Dept. of Health & Human Services (Beverly Dennis, III, Chief Counsel, Region III, James C. Newman, Supervisory Asst., Regional Counsel, Philadelphia, Pa., Michael W. Carey, U.S. Atty., Gary E. Pullin, Asst. U.S. Atty., Charleston, W.Va., on brief), for defendant-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and BRITT, Chief District Judge for the Eastern District of North Carolina, sitting by designation.

PER CURIAM:

Sheryl Ezell appeals the district court dismissal of her complaint challenging the decision of the Secretary of Health and Human Services prohibiting her from representing claimants seeking benefits pursuant to the Social Security Act and the Federal Coal Mine Health and Safety Act. We affirm.

Section 206(a) of the Social Security Act provides that non-attorneys may represent claimants if "they are of good charater [sic] and in good repute." 42 U.S.C.A. § 406(a) (West 1983).[1] Ezell, a non-attorney representative of claimants, was notified in August 1984 that the Secretary was initiating proceedings to suspend or disqualify her from further representation of claimants. The Secretary's actions were based upon Ezell's September 1983 felony conviction of two counts of filing false claims for job-related expenses. *United States v. Ezell,* No. 83–107–A (E.D.Va. September 8, 1983).

Following a hearing an administrative law judge suspended Ezell from representing claimants for a period of five years. The Social Security Administration's Appeals Council affirmed that decision, but found disqualification rather than suspension to be warranted. Ezell then filed suit in district court challenging the constitu-

tionality of section 206(a) and the statutory authority for her disqualification. She contended that in addition to the lack of authority for the disqualification, the standard of good character and reputation required of non-attorney representatives denied her equal protection and due process. She based her equal protection argument on the claim that the good character requirement unconstitutionally distinguishes between attorneys and non-attorneys. Due process was allegedly denied because the requirement was ambiguous and vague. Ezell also alleged that the Secretary's actions were arbitrary and exceeded statutory authority because the actions for which she was disqualified did not involve representation of a claimant.

The district court dismissed Ezell's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), finding that the court lacked subject matter jurisdiction. 669 F.Supp. 141. The court held that judicial review of the Secretary's decision was precluded by section 205(h) of the Social Security Act, which provides:

> The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C.A. § 405(h) (West 1983). The district court rejected Ezell's argument that section 205(h) does not foreclose judicial review of the action due to the presence of her constitutional questions, stating that Ezell's "constitutional claims [were] 'inextricably intertwined' with her challenge to the Secretary's decision to suspend her."

Ezell contends that section 205(h) does not apply because it only pertains to claim-

---

1. This requirement also applies to representatives of claimants under the Federal Coal Mine Health and Safety Act. 30 U.S.C.A. § 923(b) (West 1986).

ants seeking recovery of benefits under the Social Security Act and not to disqualifications of representatives. We need not address this argument because we find subject matter jurisdiction lacking due to Ezell's failure to raise a colorable statutory or constitutional claim.

As the district court noted, the regulations implementing section 206(a) do not provide for judicial review of the disqualification decision. 20 C.F.R. §§ 404.1745–404.1799 (1987).[2] And, judicial review of a decision of the Secretary is foreclosed unless it is an "initial determination." 20 C.F.R. § 404.902 (1987). One administrative action which is not an "initial determination" subject to judicial review is "[d]isqualifying or suspending a person from acting as [a] representative in a proceeding before [the Social Security Administration]." 20 C.F.R. § 404.903(g) (1987).[3]

These regulations do not absolutely foreclose judicial review because federal courts are always free to examine whether the Secretary has acted arbitrarily or exceeded his authority. *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir.1981), *cert. denied*, 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). However, before subject matter jurisdiction arises for review of the propriety of the Secretary's actions, there must be more than a bare allegation of unconstitutional action. *Thomason v. Schweiker*, 692 F.2d 333, 336 (4th Cir.1982). The court in *Thomason* determined that the district court had properly dismissed an action for lack of subject matter jurisdiction where there was no "colorable" claim on constitutional, statutory or regulatory grounds. *Id.* This result is consistent with the Supreme Court's declaration that a "substantial" constitutional claim is required for invocation of federal subject matter jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974).

Ezell's contentions fail to meet these requirements. She entered a guilty plea for two counts of filing false claims for ex-

penses following her dismissal from employment with the federal government. The action of the Secretary disqualifying Ezell for lack of good character was clearly warranted in light of this felony conviction and Ezell failed to assert a colorable statutory challenge to this decision. Further, her claims of violations of constitutional protections are clearly unsubstantiated.

AFFIRMED.

---

2. The applicable regulations under the Federal Coal Mine Health and Safety Act are found at 20 C.F.R. §§ 410.688–410.699 (1987).

3. The corresponding provision for the Federal Coal Mine Health and Safety Act is 20 C.F.R. § 410.615(f) (1987).