**David A. JONES, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 91–2104.**

United States District Court, District of Columbia.

March 11, 1992.

David A. Jones, pro se.

Robert L. Shapiro, Asst. U.S. Atty., Washington, D.C., for defendant.

### MEMORANDUM

GESELL, District Judge.

Plaintiff, an attorney, challenges his suspension for one year from practicing before the Social Security Administration, effective May 16, 1991, for violations of 20 C.F.R. § 404.1740. The Secretary has moved to dismiss the complaint. After Jones filed an opposition to defendant's motion, the Court, sua sponte, gave Jones an additional opportunity to particularize his somewhat rambling complaint, and the Secretary thereafter renewed his motion, which plaintiff has opposed with further briefing and factual representations.

Jones' suspension followed an extensive hearing before an Administrative Law Judge ("ALJ"), which was subsequently reviewed by the Social Security Administration Appeals Council. Because this matter arises under Title II or Title XVI of the Social Security Act, the Court lacks jurisdiction to review the final decision of the Secretary, unless Jones has presented a colorable constitutional claim. *See* 42 U.S.C. §§ 405(g), (h); 20 C.F.R. § 404.-903(g); *Califano v. Sanders,* 430 U.S. 99, 108–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Ezell v. Bowen,* 849 F.2d 844, 845–46 (4th Cir.1988).

The Court has carefully examined the ALJ's thoroughly considered and detailed findings of fact and the opinion of the Appeals Council, constituting 26 pages in all; both decisions are attached to defen-

dant's Motion to Dismiss and also included in the Administrative Record on file. Jones was found, on competent proof, to have knowingly made false statements of material facts in proceedings before the agency. There was ample evidence as well of his lack of credibility on this and other issues.

Jones, who undertook to represent himself in the administrative proceedings, was confronted at the hearing by his former partner, who was present as representative for witnesses called by the agency. As Jones wandered more and more into remote areas which were of doubtful relevance and cumulative, the ALJ was hard pressed to keep the proceedings focused on Jones' conduct before the agency. This Court has faced similar problems in dealing with Mr. Jones. When the Court gave him the chance to bring his wide-ranging attack on the administrative proceedings into focus by particularizing his allegations, Mr. Jones wholly failed to develop a colorable constitutional claim. He made no showing that any prospective witnesses absent from the administrative hearing had any knowledge of Jones' false claim for fees. Similarly, his continued attack on his former partner's conduct at the hearing finds no significant support in the Administrative Record. It is amply apparent that Jones' suspension met due process standards.

Finding no colorable constitutional claim, after review of the record, the Court grants defendant's motion to dismiss for lack of jurisdiction.