# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1895

_____

James W. Stanley, Jr.,                    *
                                          *
        Appellant,                        *    Appeal from the United States
                                          *    District Court for the
        v.                                *    Eastern District of Arkansas.
                                          *
Michael J. Astrue, Commissioner of        *    [UNPUBLISHED]
Social Security,                          *
                                          *
                                          *
        Appellee.                         *

_____

Submitted: August 19, 2008
Filed: September 30, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Attorney James W. Stanley, Jr., appeals the district court's[1] dismissal of his action challenging the Social Security Administration's (SSA's) decision to suspend him from representing claimants. Stanley previously represented Joyce Martin on her claims for disability insurance benefits (DIB) and supplemental security income (SSI). Under their contract, Martin agreed to pay Stanley the lesser of 25% of all past due benefits, or $4,000, if there was a favorable outcome on her applications. An

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

administrative law judge (ALJ) found Martin entitled to SSI and DIB based on her mental problems and concluded that the fee agreement met statutory conditions. Soon thereafter Stanley wrote to Martin, directing her to send him 25% of her retroactive SSI benefits.

The Social Security Administration (SSA) later notified Martin that Stanley was entitled to no more than $4,000 on her DIB claim. Stanley was copied on the notice, and the SSA issued him a $4,000 check for the DIB claim. Approximately a month later, the SSA informed Martin that she was entitled to almost $20,000 in back benefits on her SSI claim, and that she would be notified later as to how much Stanley could charge. Before the allowable fee was determined, Stanley collected $4,000 from Martin on her SSI claim; he did not place the money in a trust or escrow account. After the SSA informed Martin, in a letter copied to Stanley, that she was responsible for paying Stanley only $4,000 total on both her SSI and DIB claims, Stanley moved for reconsideration arguing he was entitled to another $4,000 on the SSI claim. Meanwhile he offered to refund Martin $2,500, and he wrote to the ALJ representing that he and Martin had compromised on the fee; Martin's contemporaneous letters to the ALJ reflected her confusion on the matter. The ALJ directed Stanley to remit the entire $4,000, because he was prohibited from collecting separate fees on the SSI and DIB claims; Stanley did not repay Martin until around six months later.

The SSA charged Stanley under specified statutes and regulations with collecting and retaining a fee in excess of the SSA-authorized fee; misleading Martin as to her benefits and other rights; and knowingly making false or misleading statements on an SSA matter. After a hearing, an ALJ found against Stanley and suspended him for five years from representing parties before the SSA; the Appeals Council affirmed. This counseled lawsuit followed, in which Stanley asserted jurisdiction under 42 U.S.C. § 405(g) and the Administrative Procedures Act (APA).

We agree with the district court that Stanley did not properly invoke jurisdiction under section 405(g), which applies to DIB claims and provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a [judicial] review of such decision." See 42 U.S.C. § 405(g); see also 42 U.S.C. § 405(h) (no decision shall be reviewed "except as herein provided," i.e., under § 405(g)); 42 U.S.C. § 1383(c)(3) (§ 405(g) also applies to SSI claims); Jenkins v. Kansas City Mo. Sch. Dist., 516 F.3d 1074, 1080 (8th Cir. 2008) (de novo standard of review).

We find it significant that, in a prior case involving a challenge to an attorney's fees determination, this court was not persuaded that judicial review under section 405(g) is available to attorneys. See Copaken v. Sec'y of Health, Educ. & Welfare, 590 F.2d 729, 731 (8th Cir. 1979) (per curiam) (noting that if review was not provided for in § 405(g), then it was precluded by § 405(h)). Other circuit decisions support the district court's conclusion that section 405(g) did not confer jurisdiction to review the merits of Stanley's suspension. See Ezell v. Bowen, 849 F.2d 844, 845-46 (4th Cir. 1988) (per curiam) (applicable regulatory provisions provide for judicial review of only "initial determinations," which do not include decisions to disqualify or suspend persons from acting as representatives); Howard v. Bowen, 823 F.2d 185, 186 (7th Cir. 1987) (§ 405(g) authorizes civil actions merely to review decisions denying disability benefits); McCarthy v. Sec'y of Health & Human Servs., 793 F.2d 741, 743 (6th Cir. 1986) (attorneys are not "parties" to administrative proceedings for purposes of § 405(g)). We thus reject Stanley's contention that the regulations precluding judicial review of an administrative decision to suspend a representative are contrary to section 405(g). Further, we agree with the district court that the APA is not an alternative basis for jurisdiction. See Califano v. Sanders, 430 U.S. 99, 104-07 (1977) (APA does not independently grant district courts subject matter jurisdiction to review SSA decision).

Although there is a basis for judicial review when colorable constitutional claims are at issue, see id. at 109, the district court correctly determined that Stanley did not raise any such claims, see Sabhari v. Mukasey, 522 F.3d 842, 844 (8th Cir. 2008) (per curiam) (to be colorable, constitutional claim must have "some possible validity" (quoted case omitted)). Stanley has taken the position throughout these proceedings that he is raising only a claim of substantive due process, but we see no basis for any colorable claim under traditional substantive due process analysis, see Ganley v. Minneapolis Park & Recreation Bd., 491 F.3d 743, 749 (8th Cir. 2007) (court must consider whether appellant is asserting right rooted in nation's history and tradition, and implicit in concept of ordered liberty, and whether complained-of action is truly irrational); and in any event, his specific contentions--about notice, vagueness, a chilling effect, and deprivation of a valuable property right without sworn witnesses--are more consistent with procedural due process or First Amendment claims.

Giving Stanley the benefit of the doubt by examining whether his assertions support a colorable procedural due process or First Amendment claim, as did the district court, we conclude that they do not. First, as to notice of proscribed conduct, the statute itself precludes Stanley from collecting $4,000 for the DIB claim and also for the SSI claim. See 42 U.S.C. §§ 406(a)(2)(A),(C), 1383(d)(2)(A) (in case involving both SSI and DIB claims, Commissioner may approve fee agreement only if total fee or fees specified in agreement does not exceed, *in aggregate*, $4,000 (emphasis added)).[2] Further, when Stanley agreed to represent Martin, he certified on a form he signed that he would not collect any fee unless it had been approved under the laws, regulations, and rulings cited and summarized on the form, which included that, even after the SSA approved a fee agreement, the SSA would notify the claimant of how much the representative could collect on a successful claim; that a fee could be

---

[2]We find it odd that Stanley claims ignorance of this provision, given his testimony that he had represented claimants before the SSA since the early 1980s and devoted about half of his practice to SSA cases.

-4-

collected in advance only if it was held in trust or escrow; and that attorneys could be suspended or disqualified from representing anyone before the SSA if they collected an unauthorized fee.

Second, we fail to see how the regulations are vague and ambiguous: they clearly provide that when there is evidence that a representative has engaged in prohibited acts--such as knowingly misleading a claimant as to her rights, or knowingly charging, collecting, or retaining a fee--the SSA may begin proceedings to disqualify or suspend the representative. See 20 C.F.R. §§ 404.1740(c), 404.1745(b), 416.1540(c), 416.1545(b); cf. Woodis v. Westark Comty. Coll., 160 F.3d 435, 438 (8th Cir. 1998) (vague regulation violates due process as it does not define offense with sufficient definiteness that ordinary people can understand prohibited conduct, and does not establish standards to permit enforcement in non-arbitrary, non-discriminatory manner). Third, we are unpersuaded by Stanley's assertion that he was deprived of a valuable property right without the use of sworn witnesses because he had an opportunity to testify at the administrative hearing, he did not challenge the evidence before the ALJ, and he declined to offer any other evidence. Fourth, as to what the district court construed as an overbreadth challenge to the regulations, Stanley was not denied the opportunity to raise a bona fide fee dispute to the SSA, which is clearly allowed under 20 C.F.R. §§ 404.1720(d), 416.1520(d) (review of fee determinations). Rather, he was sanctioned for collecting an illegal fee despite his unsupported protestations that the fee was allowed.

Finally, Stanley's contention that the regulations conflict with section 406(a) appears to be a Chevron[3] challenge to sections 404.1745 and 416.1545. To the extent the district court could entertain such a challenge when it lacked jurisdiction to review the substance of the suspension decision, we conclude any Chevron challenge was properly rejected. See Friends of the Boundary Waters Wilderness v. Bosworth, 437

---

[3]See Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984).

F.3d 815, 821-22 (8th Cir. 2006) (<u>Chevron</u> analysis); <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 145 (1987) (where Social Security Act makes Commissioner responsible for implementing provision by regulation, judicial review is limited to determining whether regulation exceeds Commissioner's statutory authority and is arbitrary and capricious). In contrast to Stanley's position on the matter, both the statute and the challenged regulations describe the Commissioner's decision whether to begin proceedings to disqualify or suspend a claimant's representative for collecting an illegal fee in permissive, not mandatory, terms.

Accordingly, we affirm.

_____